UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DUANE ELLIOTT PRICE, SR.,

              Plaintiff,

     v.

DAN ENGERT, et al.,

              Defendants.
_____

<u>DECISION & ORDER</u>

04-CV-6487L

        Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging, among other things, that defendants subjected him to excessive force and denied him adequate medical care. (Docket ## 1, 4). On September 12, 2005, plaintiff moved for the appointment of counsel, claiming that he had been unable to retain a private attorney. (Docket # 23). This Court denied such motion by Order dated October 21, 2005, finding that plaintiff had failed to demonstrate a need for appointed counsel at that time. (Docket # 24). Shortly thereafter, the Court received a letter dated November 3, 2005, in which plaintiff expressed concern that without counsel, he would be unable to satisfy the deadlines imposed by the Scheduling Order in place at that time. A telephone status conference was then scheduled for December 15, 2005. During that conference, the Court advised plaintiff that it would extend all pending deadlines for approximately three months in order to afford him the opportunity to complete discovery in this matter. Nevertheless, before such conference was conducted, on November 25, 2005, plaintiff filed a second motion for the appointment of counsel. (Docket # 27).

As this Court has previously stated, there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignments must be considered carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit); *see In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984) (decisions on appointment of counsel are clearly within the judge's discretion).

The factors to be considered by a court in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

       5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d at 392; *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

       In the case at bar, plaintiff alleges that defendants subjected him to excessive force and denied him adequate medical care. (Docket ## 1, 4). Through the current motion, plaintiff argues that the assignment of counsel is appropriate for the following reasons: (1) defendants have violated his Eighth Amendment rights; (2) he is unable to "carry on" without the assistance of counsel; and (3) his access to legal materials is limited. (Docket # 27).

       Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, I find that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See Id.* This, plaintiff has failed to do. Moreover, the legal issues in this case do not appear to be complex, nor does it appear that the major proof at trial will be dependent upon skillful cross-examination. Accordingly, plaintiff's motion for the appointment of counsel **(Docket # 27)** is **DENIED** without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

       To the extent plaintiff asserts that he is having difficulty obtaining legal materials, he may file a motion at any time to compel access to the law library, if he believes such a motion

is warranted.  Moreover, in order to assist plaintiff in pursuing this case *pro se*, the Clerk of the Court is directed to send plaintiff the Court's booklet entitled **Pro Se Litigation Guidelines**.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
       December  15 , 2005.