UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DUANE ELLIOTT PRICE, SR.,


                              Plaintiff,

                                                    DECISION AND ORDER

                                                    04-CV-6487L

               v.

DAN ENGERT,
DERRICK BREVARD,
TOM SHANLEY,
ROGER HUBER,
STEVE GODFRY,
DEBBIE ROILL,
JEFF PHIPPS,
JIM PAYNE,
CHRISTOPHER AIKIN, of the
Niagara County Jail Medical Department,


                              Defendants.
_____


          Plaintiff, Duane Elliott Price, Sr., appearing *pro se*, commenced this action under 42 U.S.C.

§ 1983.  Plaintiff, who at the time of the filing of the complaint was incarcerated at the Niagara

County Jail in Lockport, New York, alleges that on July 21, 2004, he was assaulted by several guards

at the jail, and that he was given inadequate medical care for the injuries that he sustained in the

assault.  Defendants have moved to dismiss the complaint based on plaintiff's failure to prosecute

this action, his failure to obey this Court's February 16, 2007 scheduling order, and his failure to keep the Court and defendants apprised of his correct mailing address.

The February 17 scheduling order gave defendants until June 15, 2007 to depose plaintiff. Counsel for defendant Aikin states in his affidavit that on April 4 and May 7, 2007, he sent letters to plaintiff at plaintiff's home address on Michigan Street in Lockport, indicating that counsel wanted to schedule plaintiff's deposition, but he received no response from plaintiff until June 20, 2007. On that date, counsel received an undated letter from plaintiff stating that plaintiff was in the Niagara County Jail, that he expected to remain there until August 9, 2007, and that he was "ready" to be deposed anytime but that "arrangements need to be made through the jail officials ... ." Dkt. #45-17.

Based on this sequence of events, defendants contend that it appears that plaintiff deliberately attempted to thwart their efforts to depose him, by not responding to counsel's letters until after the expiration of the February 17 scheduling order. Defendants contend that dismissal of plaintiff's complaint is an appropriate sanction.

In response to defendants' motions, plaintiff has submitted two unsworn "affidavits" in which he states that he "was incarcerated and ... was denied access to inform the courts or the lawyers of [his] where abouts, by the Niagara County Jail officials in which in turn henered [sic] [plaintiff's] case and meeting the court [sic] scheduling order." Dkt. #49 at 2. Plaintiff also states that he "was involved in a car accident and had to go through months of therapy witch [sic] did occupy [his] time, working toward recovery." *Id.* Plaintiff also says in his response to the pending motions that the Michigan Street address (which is apparently where plaintiff was residing at the time that he filed

his response) is his "permanent address," that it has been his "address for 32 years and is where [he] recieved [sic] mail from the defendants as well as this court."  Dkt. #49 at 3.  In an undated letter to the Court that was received on July 9, 2007, plaintiff also states that he "was incarcerated June 13th 2007 and will be incarcerated until August 9th 2007, I did not change my address I'am [sic] continuing to maintain my residence" on Michigan Street.

It is not clear why plaintiff waited until June 20 to respond to defense counsel's letters concerning his deposition.  Plaintiff does not contend that he did not receive those letters, which were sent to him at the Michigan Street address in April and May, and plaintiff was apparently not re-incarcerated in the Niagara County Jail until June 13.  I also note that *pro se* litigants are required by the Local Rules for this district to furnish the Court with a current address at all times.  Local Rule 5.2(d) expressly provides that ""[f]ailure to do so may result in dismissal of the case with prejudice."

At the same time, however, the Second Circuit has stated its "clear preference ... for cases to be adjudicated on the merits."  *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2[d] Cir. 2001); *accord Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2[d] Cir. 1995); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2[d] Cir. 1993).  That court has also admonished that  "dismissal is 'a harsh remedy to be utilized only in extreme situations.'"  *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 312 (2[d] Cir. 1986) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2[d] Cir. 1972) (per curiam)).  *See also Dodson v. Runyon*, 86 F.3d 37, 39 (2[d] Cir. 1996) ("dismissal is a harsh remedy, not to be utilized without a careful weighing of its appropriateness"); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) ("Because dismissal sounds the death knell of the lawsuit,

district courts must reserve such strong medicine for instances where the defaulting party's conduct is correspondingly egregious") (internal quotation and citation omitted). *Gittens v. Garlocks Sealing Technologies*, 19 F.Supp.2d 104, 107 (W.D.N.Y. 1998) ("dismissal with prejudice is a harsh remedy, and should be used sparingly").

In light of those concerns, and plaintiff's *pro se* status, I will deny defendants' motions to dismiss at this time. The fact that plaintiff appears *pro se* certainly does not give him a license to ignore scheduling orders or defendants' discovery requests. There is some indication from plaintiff, however, that he has been preoccupied with his recovery from injuries sustained in a car accident, and he has made some attempt, albeit belated, to remain in contact with the Court and opposing counsel.[1]  In addition, at this point I do not see a pattern of dilatory or obstructionist behavior on plaintiff's part that would warrant the harsh remedy of dismissal. *Cf. Proctor v. Poole*, 233 F.R.D. 323, 324 (W.D.N.Y. 2006) (dismissing complaint for failure to comply with discovery orders where "Plaintiff has twice failed to appear for a scheduled deposition, he has not responded to defendants' motion to dismiss, and he has made no attempt to inform the Court of his whereabouts or to explain his failures in this regard"). *See also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2[d] Cir. 1999) (listing factors to consider in deciding whether dismissal for failure to prosecute is warranted, including duration of the plaintiff's failures).

---

[1]Although, as stated, it is plaintiff's responsibility to keep the Court and defendants informed of his correct mailing address, it does appear that there has been some confusion at times over his current address. The docket sheet reflects that a copy of the Court's February 16 scheduling order was mailed to plaintiff at the Michigan Street address. Dkt. #45-14. That order, however, also stated that defendants could depose plaintiff "in person or by telephone at the correctional facility where plaintiff resides at the time of the deposition." Dkt. #43.

Nevertheless, it is important that defendants not suffer the consequences of plaintiff's tardy response to their attempts to schedule his deposition.  *See id.* (listing prejudice to defendants from further delay as another relevant factor).  Accordingly, the Court will extend discovery in this case to give defendants time to depose plaintiff.  In doing so, I also caution plaintiff that **further unexcused delays on his part may result in dismissal of his complaint with prejudice.**

## CONCLUSION

Defendants' motions to dismiss the complaint (Dkt. #45 and #46) are denied without prejudice.  Defendants shall have until thirty (30) days from the date of entry of this Decision and Order to depose plaintiff upon reasonable notice, pursuant to Fed. R. Civ. P. 30(b)(1).

Plaintiff's "motion to dismiss defendants' motion" (Dkt. #49) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 30, 2007.